IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE DONOVAN SANDERS, | ) | |
| ID # 09014593, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-1616-M-BH |
| | ) | |
| GARY FITZSIMMONS, et. al, | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3-251, this case was referred for pretrial management.

## I. BACKGROUND

Plaintiff, an inmate currently incarcerated in the Dallas County Jail, filed this civil action against the defendants under 42 U.S.C. § 1983. On November 18, 2009, the Court mailed him a questionnaire seeking additional information about his claims. The questionnaire expressly stated that the answers were due within thirty days and expressly warned that the failure file answers could result in the dismissal of this action for failure to prosecute. As of this date, Plaintiff has still not filed his answers to the questionnaire.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with an order that he file answers to a questionnaire from the Court. This lack of action shows that he does not intend to proceed with

this case, so the Court should dismiss it.

### III. RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 4th day of January, 2010.**

```
                              _____
                              IRMA CARRILLO RAMIREZ
                              UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
                              _____
                              IRMA CARRILLO RAMIREZ
                              UNITED STATES MAGISTRATE JUDGE
```